Lucinda E. Chapman et al. *v.* Thomas Chapman.

Art. 355 of the Civil Code which declares that agreements between the tutor and the minor arrived at the age of majority, shall be null and void, unless entered into after the rendering of a full account, &c., will not enable parties to perpetrate a fraud by repudiating payments made them in discharge of their tutor's liability.

Evidence is admissible to show that after the rendition of the tutor's account, the minors received from the tutor, land, slaves, &c., of a value equivalent to the tutor's liability, and that it was given and received in discharge of that liability.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.

*C. Roselius* and *Muse & Hardee,* for plaintiffs and appellants.   *J. B. Smith* and *P. Pond,* for defendant.

Buchanan, J.   The elaborate and carefully prepared opinion of the District Judge has given a lucid narrative of the facts of this cause. The evidence satisfies us, as it did the court below, that the plaintiffs have received from their late tutor, since the rendition of his account of tutorship, more than ten years previous to the institution of this suit, land, slaves and other property, of a value equivalent to the balance due them by said account, and which was given and received in discharge of the tutor's liability. The evidence on this subject was properly admitted.

The Article 355 of the Code was not intended to enable parties to perpetrate a fraud, by repudiating payments made them in discharge of their tutor's liability. The case of *Rawls* v. *Rawls,* 6 An. 666, relied upon by the counsel of plaintiffs, presented an entirely different state of facts.

In the case of *Rawls,* the minor had received nothing from his tutor for the hire of his slaves during a number of years that they had been hired out under the advice of a family meeting ; and which hire constituted the whole revenue of the minor. Neither does it seem, from the report of the case, that the tutor of *Rawls* ever rendered an account of his administration as tutor. But in the present case we find, on the contrary, an account rendered, with vouchers annexed, homologated without opposition ; a regular judgment for the balance acknowledged by the tutor ; and property conveyed, indirectly, by the tutor to the plaintiffs, after the rendition of the account, but before its homologation, of a value equal to the amount due to the plaintiffs severally, by their tutor. The plaintiffs have received the benefit of these conveyances of property, have suffered their tutor to remove from the jurisdiction of the court which appointed him, and after the lapse of ten years of silence and inaction, now sue without any offer of restitution, the solvent surety of an insolvent tutor, for the total amount of the balance of account of tutorship, with interest at ten per cent. added, according to the terms of the judgment of homologation.

We agree with the District Judge that the action, in its present form, cannot be maintained.

Judgment affirmed, with costs.

Merrick, C. J., declined taking any part in this decision.